Argued January 10, affirmed January 15, 1969

## STATE OF OREGON, *Respondent, v.* KEITH LEROY DAVIDSON, *Appellant.*

449 P. 2d 146

*Ernest Lundeen,* Eugene, argued the cause and filed a brief for appellant.

*H. Thomas Evans,* Deputy District Attorney, Eugene, argued the cause for respondent. On the brief were John B. Leahy, District Attorney, and Stephen H. Keutzer, Deputy District Attorney.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

McALLISTER, J.

The defendant was convicted of the theft of an automobile and appeals. He contends that the court erred in denying his motion for a change of appointed attorneys and his motion for judgment of acquittal.

Lawrence O. Gildea was appointed to represent defendant in the trial court and was also appointed to represent defendant's fiancee, who was separately charged with a related offense. On the day before the trial Gildea asked leave to withdraw as attorney for defendant because the state intended to call the fiancee as a witness against defendant and Gildea believed he could not effectively cross-examine the fiancee without using information given by her to him in confidence as her lawyer. The court denied the motion on the ground that Gildea could resolve his conflict of interest problem by withdrawing as attorney for the fiancee. At the outset of the trial defendant personally requested the court to replace Gildea with a new attorney, which motion also was denied.

During the trial the fiancee advised the court *in camera* that she would refuse to testify on the ground that her testimony might tend to incriminate her and she was not called as a witness. Since the fiancee did not testify we need not decide whether the court abused its discretion in denying the request of defendant's attorney to withdraw from the case or the defendant's motion to appoint a new attorney. The error, if any, was harmless.

There was ample evidence to support the verdict and the court did not err in denying the motion for judgment of acquittal.

The judgment of the court below is affirmed.